**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CELETHA CHATMAN, on behalf of herself and all others similarly situated | ) ) ) | |
| Plaintiff | ) ) | Case No. 21-cv-831 |
| vs. | ) ) | |
| PRESENCE CHICAGO HOSPITAL NETWORK d/b/a AMITA HEALTH SAINTS MARY AND ELIZABETH MEDICAL CENTER CHICAGO; and, R1 RCM INC. d/b/a MEDICAL FINANCIAL SOLUTIONS | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | <u>Jury Demanded</u> |

## CLASS COMPLAINT

Plaintiff, Celetha Chatman, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Illinois Consumer Fraud Act, 815 ILCS § 505, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2.     Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

### STANDING

3.     Defendants engaged in a secret campaign to pressure consumers to pay bills through the use of a debt collector without disclosing the involvement of the debt collector or complying with federal debt collection laws.

4. Plaintiff was damaged economically by a payment she made based on Defendants' false statements.

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6. Plaintiff, Celetha Chatman ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect an alleged debt for medical services provided to her by Presence Chicago Hospital Network d/b/a AMITA Health & Saints Mary and Elizabeth Medical Center Chicago ("AMITA"). Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Presence Chicago Hospital Network d/b/a AMITA Health & Saints Mary and Elizabeth Medical Center Chicago ("AMITA") is an Illinois corporation that does or transacts business in Illinois. Its registered agent is CT Corporation System, 208 So LaSalle Street, Suite 814, Chicago, IL 60604.

8. RI RMC INC. d/b/a Medical Financial Solutions ("MFS") is a Delaware Corporation that does nor transacts business in Illinois. Its registered agent is CT Corporation System, 208 So LaSalle Street, Suite 814, Chicago, IL 60604.

9.    MFS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.    MFS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.    Plaintiff received medical care from AMITA in the summer and fall of 2020 relating to the birth of her first child.

12.    Plaintiff incurred a debt for the medical services provided by AMITA.

13.    The debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

14.    AMITA was an in-network provider for Plaintiff's medical insurance plan.

15.    Plaintiff's medical insurance delayed in paying the covered charges for months, and the bills subsequently went into default.

16.    Sometime around January 14, 2021, AMITA mailed Plaintiff a letter regarding the medical bill.

17.    Plaintiff received the letter on or about January 20, 2021.

18.    The letter stated in part:

> We will need to hear from you to avoid having your account **assigned within the next 30 days to a collection agency**. IRS regulations also require us to notify you that additional collection activities, including reporting adverse information about the patient to consumer credit reporting agencies or credit bureaus, may occur if your account remains unresolved.

(Exhibit A, Letter From AMITA) (emphasis added).

19.    After receiving the letter, Plaintiff paid two of the three accounts in full on AMITA's website to avoid the account being assigned to a collection agency and to avoid

adverse information being reported to a consumer credit reporting agency, as AMITA had indicated in its letter.

20.     Approximately a week later, on January 28, 2021, Plaintiff received a robocall which she answered.

21.     A prerecorded message played advising Plaintiff that she needed to call AMITA regarding a billing issue and providing a phone number for her to call.

22.     However, the phone number was read too quickly for Plaintiff to write down, so instead she dialed back the number that had called her.

23.     Upon connecting, a recording stated that she had reached Medical Financial Solutions.

24.     Plaintiff was shocked that she had been contacted by a debt collector and immediately hung up the phone.

25.     MFS had not disclosed it was the company calling her regarding the AMITA account in the robocall.

26.     Plaintiff had assumed it was AMITA itself contacting her because she had reached out to AMITA as instructed to avoid assignment to a collection agency.

27.     Yet MFS had communicated information regarding the medical debt to Plaintiff, including the payment status and identity of the original creditor (AMITA).

28.     The robocall was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

29.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

**Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, <u>if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose</u>, and the failure to disclose in subsequent communications that the communication is from a debt collector,** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

30.     MFS failed to disclose in its initial communication that it was a debt collector attempting to collect a debt, in violation of §1692e(11) of the FDCPA.

31.     The robocall was MFS's first communication with Plaintiff.

32.     Within 5 days of that initial communication MFS was required to send Plaintiff a notice of her rights under the Fair Debt Collection Practices Act, including the right to dispute the alleged debt.

33.     MFS did not mail Plaintiff a notice of these rights and has not done so to date.

34.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

5

      **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

      **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

35.     MFS failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of her right to dispute an alleged debt, to request verification, and to request the name of the original creditor.

36.     Plaintiff disputed owing a debt to AMITA because her insurance was supposed to cover the services at 100%.

37.     Had she received the proper disclosures; she would have disputed the alleged debt.

38.     However, because she did not receive the proper disclosures, she did not dispute the debt.

39.     As a result of MFS's actions, she has now waived her right to dispute the alleged debt and to receive verification of her portion of the debt.

40.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

41.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") 815 ILCS §502/2 prohibits:

      **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any**

**deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact. . .**

42. At all times relevant, Defendant AMITA was engaged in trade or commerce in the state, selling medical services to residents of Illinois.

43. At all times relevant, Defendant MFA was engaged in trade or commerce in the state, collecting and managing payments for medical services to residents of Illinois.

44. At all relevant times, Plaintiff and the members of the class were consumers within the meaning of the ICFA.

45. AMITA sent a letter to Plaintiff on January 14, 2021, requesting to hear from Plaintiff within the next 30 days or Plaintiff's account would be turned over to a collection agency and eventually reported to the credit bureaus.

46. Several days after receiving Defendant's letter Plaintiff paid two of the three medical accounts, to avoid hearing from a collection agency.

47. Yet, on January 28, 2021, Plaintiff received a call from a debt collector, MFS, attempting to collect the alleged debt.

48. Despite only a week passing since receiving the Letter, and despite Plaintiff having reached out to AMITA and made a substantial payment on a disputed debt, AMITA turned Plaintiff's account over to a debt collector contrary to its letter, and without telling Plaintiff.

49. AMITA's practice of giving a consumer 30 days to respond before being assigned to a debt collector, and then assigning immediately, is an unfair practice.

50. Plaintiff was damaged by paying a portion of the debt to avoid assignment to a debt collector and possible adverse credit reporting despite AMITA assigning the debt anyway.

51.     Perhaps in an effort to avoid bad press for engaging the use of debt collectors, or to avoid having to comply with federal debt collection laws, AMITA also instructed its collector agent MFS not to disclose who was making the calls.

52.     MFS instead left AMITA's phone number as the return number.

53.     The deceptive statement about having up to 30 days to reach out to AMITA, combined with the secret assignment to Medical Financial Services, seeks to up the pressure on consumers to pay without giving them the associated notice and rights that come along with assignment to a debt collector.

54.     Deceiving consumers in any way to obtain payment is an unfair practice.

55.     Plaintiff was damaged by the time, stress, and aggravation of being forced to deal with a collection agency.

56.     Plaintiff pays for health insurance, in part, to avoid being harassed by hospital billing departments and collection agencies.

57.     Thus, Plaintiff was further damaged in economic terms by Defendants' actions as they deprived her of the benefit of her bargain with her insurance provider.

## CLASS ALLEGATIONS

58.     Plaintiff, Celetha Chatman, brings this action individually and as a class on behalf of two classes:

**FDCPA Class – MFS Only**

> (1) All persons similarly situated in the state of Illinois;
> (2) Who received medical services from AMITA;
> (3) Who were contacted via telephone by MFS without disclosure MFS was a debt collector;
> (4) Who were not subsequently provided a notice regarding their rights under the Fair Debt Collection Practices Act;
> (5) Who were called by MFS on year prior to the filing of this complaint up to the date of filing of this complaint.

8

**Consumer Fraud Class – MFS & AMITA**

        (1) All persons similarly situated in the State of Illinois;

        (2) Who received medical services from AMITA Health;

        (3) Who were contacted by AMITA regarding collection of the alleged debt;

        (4) Where AMITA told consumers "We will need to hear from you to avoid having your account assigned within the next 30 days to a collection agency. IRS regulations also require us to notify you that additional collection activities, including reporting adverse information about the patient to consumer credit reporting agencies or credit bureaus, may occur if your account remains unresolved.";

        (5) Who thereafter, prior to thirty days, were contacted via phone by a debt collector regarding the alleged debt.

59.    As Defendants used form letters and robocalls to contact class members, the classes each likely consist of more than 40 individuals.

60.    Plaintiff Chatman's claims are typical of the claims of the Classes. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Classes. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

61.    The prosecution of separate actions by individual members of either Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes and would, as a practical matter, either be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

62.    Plaintiff Chatman will fairly and adequately protect and represent the interests of each Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Classes and will be established by common proof.

63.     Moreover, Plaintiff Chatman has retained counsel that been approved as class counsel in prior cases.

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT – MFS

64.      Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

65.     Defendant MFS failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of her right to dispute an alleged debt, to request verification, and to request the name of the original creditor.

66.     Defendant MFS failed to disclose in the initial phone call that it was a debt collector attempting to collect a debt, in violation of §1692e(11).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against MFS as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

### COUNT II— UNFAIR ACT—AMITA & MFS

67.     Plaintiff restates the above paragraphs as if set forth fully in this count.

68.     The ICFA proscribes any unfair acts or practices in the course of trade or commerce. 815 ILCS § 505/2.

69.     AMITA engaged in an unfair practice, in violation of  815 ILCS § 505/2, by falsely stating she was able to avoid assignment to a collection agency.

70.     Defendants both engaged in an unfair practice, in violation of 815 ILCS § 505/2, by attempting to collect a debt without disclosing the use of a debt collector and without providing notice of her rights under federal law.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and the class and against Defendants as follows:

        A.     Actual damages;

        B.     Punitive damages;

        C.     Costs, expenses, and reasonable attorneys' fees; and

        D.     Any other relief the Court deems equitable and just.

### COUNT III—DECEPTIVE ACT—AMITA & MFS

71.    Plaintiff restates the above paragraphs as if set forth fully herein.

72.    The ICFA proscribes any deceptive acts or practices in the course of trade or commerce. 815 ILCS § 505/2.

73.    AMITA deceived Plaintiff, in violation of 815 ILCS § 505/2, by falsely stating she was able to avoid assignment to a collection agency.

74.    Defendants deceived Plaintiff, in violation of 815 ILCS § 505/2, by attempting to collect a debt without disclosing the use of a debt collector and without providing notice of her rights under federal law.

75.    These practices have caused substantial injury and harm to Plaintiff and the members of the Class.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and the class and against Defendants as follows:

        A.     Actual damages;

        B.     Punitive damages;

        C.     Costs, expenses, and reasonable attorneys' fees; and

        D.     Any other relief the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: /s/ Michael W. Drew
Plaintiff's Attorney

Michael Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhoodlegal.com